## 28290. L. M. BERRY & COMPANY v. BLACKMON.

JORDAN, Justice. L. M. Berry & Company appealed an assessment by the State Revenue Commissioner for use tax found to have been incurred during the periods January, 1959 through December, 1966, to Fulton Superior Court. That court upheld the assessment and its judgment was affirmed by the Court of Appeals. See *L. M. Berry & Co. v. Blackmon,* 129 Ga. App. 347 (199 SE2d 610). We granted certiorari and after careful review conclude that the Court of Appeals was correct and now affirm its judgment.

1. Appellant is engaged in the business of procuring advertising for the telephone directories of telephone companies and undertakes in its contracts with such telephone companies in Georgia to

procure through solicitation in Georgia advertising for the classified section of the telephone directories. Incident to such activity, appellant deals directly with a printing company to obtain the production of the telephone directories. The advertising contracts with telephone companies are of two types, publication contracts and commission contracts. Under both contracts, whether expressly required to do so or not, appellant obtained directories from printers and supplied them either to the telephone company or to the subscribers. Where the printing was done in Georgia, appellant paid the Georgia sales tax imposed by Code Ann. § 92-3402a (a) found to be due on those transactions. The instant case concerns use taxes on telephone directories where the printing was done outside Georgia but the directories were delivered to telephone companies or their subscribers inside Georgia.

The two questions presented in this review are: (1). Did appellant engage in a taxable use of property in this state? (2). If so, was its use exempt under Code Ann. § 92-3403 (C) 2 (a)?

Georgia's statutory scheme for levying and collecting sales and use taxes presents a comprehensive plan to assure fairness in that items purchased and used in Georgia bear no higher tax burden than items purchased elsewhere and used in Georgia. Protections are afforded to those items on which sales tax has been paid elsewhere. Code Ann. § 92-3402a (b) provides: *"Upon the first instance of use,* consumption, *distribution,* or storage *within this* State of *tangible personal property purchased at retail outside this State,* the owner or user thereof shall be a dealer hereunder and shall be liable for a tax at the rate of three per cent of the cost price or fair market value thereof, whichever is the lesser: Provided there shall be no duplication of the tax and subject to credit hereinafter authorized for like taxes previously paid in another state." (Emphasis supplied.)

Subsection 92-3403a (N) provides "'Use tax' as referred to in this Chapter includes the 'use, the consumption, the distribution and the storage' as herein defined."

The evidence in the record supports the conclusion that Berry acted as a purchaser in procuring telephone directories and that the transfers of the telephone directories were made incident to the primary object of its contracts with the telephone companies and that such transfers were not sales. The agreements between the parties, either by express provision or by implication from practice, included sale of advertising, printing of directories and

shipment in Georgia to either the telephone company in bulk or to the telephone company's subscribers. Under such circumstances Berry continued to exercise a right and power over the property in this state incident to the ownership thereof so as to constitute a "use" as defined by § 3 (c) 3 (e) (Code Ann. § 92-3403a (I)), thus giving rise to a use tax liability.

Appellant paid sales taxes to the printer on printing accomplished in Georgia and the use tax is designed "to preclude avoidance of the sales tax." *Independent Pub. Co. v. Hawes,* 119 Ga. App. 858 (168 SE2d 904). It would certainly be inconsistent to hold that Berry would be required to pay the sales tax on directories printed and delivered to them in Georgia and under the identical contract would not be liable for a use tax on directories printed outside the state and shipped into Georgia pursuant to such contract. The cases of National Bellas Hess v. Dept. of Revenue, 386 U. S. 753 (87 SC 1389, 18 LE2d 505) and Miller Bros. Co. v. Maryland, 347 U. S. 340 (74 SC 535, 98 LE 744), are in no way applicable to this case. Those cases are authority only for the proposition that the mere shipment of property into Georgia by common carrier or otherwise would not subject the shipper to a sales or use tax where the shippper had no salesman, place of business, or other connections with the customers to whom shipped. Under the facts of this case, Berry had representatives in Georgia actively soliciting the contracts and the advertising pursuant thereto; entered into contracts in Georgia, and was at all times under contractual relations with its clients in Georgia.

The Court of Appeals correctly held that a purchase of tangible personal property in another state to be transferred to one in this state in the course of providing a service under a contract executed and performed in this state is a taxable retail transaction even though the transfer incident to the service transaction is not a taxable sale under Code Ann. § 92-3403a (C) (2) (a) (Ga. L. 1951, pp. 360, 363 as amended), citing *Craig-Tourial Leather Co. v. Reynolds,* 87 Ga. App. 360 (73 SE2d 749); *Atlanta Americana Motor Hotel Corp. v. Undercofler,* 222 Ga. 295 (149 SE2d 691).

2. Appellant claims its use was exempt under Code Ann. § 92-3403a (C) 2 (a). That section of the Act in pertinent part provides "The terms 'sale at retail' [and] 'use' . . . shall not include . . . (a) Professional, insurance or personal service transactions which involve sale as inconsequential elements for which no separate charges are made nor services rendered by repair men for which

a separate charge is made." Under this provision Berry contends that no taxable "use" of property purchased outside the state occurs if the use involves a transfer merely incidental to performing a service. This contention is without merit. It has been consistently held that a purchase of property to be used in providing a service is a retail purchase, and if made within the state it is a taxable purchase subject to the sales tax on "retail sales" within the state. See *Craig-Tourial Leather Co. v. Reynolds,* and *Atlanta Americana Motor Hotel Corp. v. Undercofler,* supra. Likewise, if the purchase is made without the state and the transfer is made incidental to performing a service within the state, it is subject to a use tax as defined by the Act.

*Judgment affirmed. All the Justices concur, except Gunter and Ingram, JJ., who dissent.*

ARGUED NOVEMBER 14, 1973 —DECIDED FEBRUARY 6, 1974.

*Sutherland, Asbill & Brennan, Walter H. Wingfield, Carey P. DeDeyn,* for appellant.

*Arthur K. Bolton, Attorney General, Richard L. Chambers, Timothy J. Sweeney, Assistant Attorneys General,* for appellee.

GUNTER, Justice, dissenting. This case is here by virtue of the granting of an application for a writ of certiorari to the Court of Appeals. The issue involved is state taxation. The decision of the Court of Appeals which was adverse to the taxpayer is reported in 129 Ga. App. 347 (199 SE2d 610).

The Georgia Revenue Commissioner assessed taxes, penalty, and interest against Berry under the Georgia Sales and Use Tax Act. Berry, an Ohio corporation, contended that it had not made any taxable "sales" within the State of Georgia so as to be liable for the Georgia sales tax; and it further contended that it had not "used" the subject property (telephone directories) within the State of Georgia so as to be liable for Georgia's use tax.

Berry appealed the Commissioner's determination of liability to the Superior Court of Fulton County, a trial was conducted there before the trial judge, and a judgment against Berry and in favor of the Commissioner was rendered. An appeal by Berry to the Georgia Court of Appeals resulted in the affirmance of the judgment of the trial court.

I would reverse the judgment of the Court of Appeals, and I respectfully dissent today from the decision by the majority of this court.

During the period under consideration Berry had contracts with telephone companies in Georgia for the sale of advertising to be placed in telephone directories. Pursuant to the terms of these contracts, Berry was obligated to procure the printing of telephone directories and ship or deliver them in Georgia to the individual Georgia companies or, in some instances, to a company's telephone subscribers as directed by the telephone company.

The printing of the telephone directories at the instance of Berry took place outside of the State of Georgia, and the telephone directories were shipped by the non-resident printers as directed by Berry to the Georgia companies or to the subscribers of the Georgia companies, the companies and the subscribers all being located within the State of Georgia.

Finding of Fact No. 7 by the trial court was as follows: "7. The directories were shipped by the printing company on Berry's instructions either directly to subscribers of the telephone company or to the telephone company which then redistributed the directories to its subscribers. Berry re-invoiced the telephone company for part of its printing costs in some cases but in others absorbed the entire cost."

No contention is made in this case that the transactions involved amounted to "sales" so as to be subject to a sales tax under the Georgia Retail Sales and Use Tax Act. At the trial in the trial court the Georgia Commissioner contended: "That's the nature of the assessment. The tax is not on the sale in the state. It's for the use of the property in the state."

Conclusion of law No. 2 contains the following: "Appellant's transfers of telephone directories instant to such contracts are not sales within the meaning of the Georgia Retailers' and Consumers' Sales and Use Tax Act. Consequently, the purchase by Berry outside the State of Georgia was a retail purchase and its transfer of those directories to the telephone companies ultimately employing them is a taxable use under the Act."

It is therefore clear that the trial court's basis for liability on the part of Berry was for the "use" of the directories within the State of Georgia. The Georgia Court of Appeals also held that the purchase of the directories by Berry outside of the state, and the transfers of the directories to their ultimate consumers within the State of Georgia "were taxable uses under the Retailers' and Consumers' Sales and Use Tax Act." See *L. M. Berry & Co. v. Blackmon,* 129 Ga. App. 347, supra.

It is my view that the mere shipment of property owned or

purchased by the shipper outside of the State of Georgia to parties or consumers located within the State of Georgia cannot subject the out-of-state shipper to a "use" tax levied by the State of Georgia.

In National Bellas Hess v. Dept. of Revenue, 386 U. S. 753 (87 SC 1389, 18 LE2d 505), the Supreme Court of the United States held that the commerce clause prohibits a state from imposing a duty of use tax collection and payment upon a seller whose only connection with customers in the state is by common carrier or by mail.

My reading of the cases in this field of the law convinces me that Georgia does not have the power to impose and collect a "use" tax on an out-of-state shipper of goods, the goods being shipped into the State of Georgia, unless there is some other and additional use of the property within Georgia by the shipper other than mere shipment by common carrier or by mail. In other words, shipment by common carrier or by mail of property into Georgia, without more, does not constitute a "use" of the property by the shipper within the territorial limits of this state. See Miller Bros. Co. v. Maryland, 347 U. S. 340 (74 SC 535, 98 LE 744).

I can understand that if the contracts between Berry and the Georgia companies were held to be sales contracts for property to be delivered in Georgia, and if Berry had the requisite connections with Georgia such as salesmen, agents, or representatives in Georgia, then Georgia could levy and collect a "sales" tax from Berry. See Scripto, Inc. v. Carson, 362 U. S. 207 (80 SC 619, 4 LE2d 660), and Nelson v. Sears, Roebuck & Co., 312 U. S. 359 (61 SC 586, 85 LE 888, 132 ALR 475). But that situation is not present in the case at bar. Berry has been held liable for a "use" tax in Georgia when the only use of the directories by Berry in Georgia consisted of mere shipment by common carrier or mail into this state.

It is my view that Georgia cannot impose upon and collect a "use" tax from Berry in this case, and I would reverse the judgment of the Court of Appeals.

I respectfully dissent.