DEPARTMENT OF REVENUE, Plaintiff-Appellant-Petitioner,

v.

FAMILY HOSPITAL, INC., Defendant-Respondent.

Supreme Court

*No. 79–1375. Argued November 30, 1981.*
*—Decided January 5, 1982.*

(Also reported in 313 N.W.2d 828.)

For the appellant-petitioner the cause was argued by *Gerald S. Wilcox,* assistant attorney general, with whom on the briefs (in court of appeals) was *Bronson C. La Follette,* attorney general.

For the respondent there was a brief (in this court) by *Stewart G. Honeck* and *Honeck, Mantyh & Arndt,* attorneys, and *John M. Byers, Richard S. Marcus* and *Godfrey & Kahn, S.C.,* of counsel, all of Milwaukee, and oral argument by *Mr. Marcus.*

COFFEY, J.  This is a review of a decision of the court of appeals affirming a judgment of the circuit court for Dane county, HON. GEORGE R. CURRIE, Reserve Judge, presiding.  The judgment affirmed a decision of the Wisconsin Tax Appeals Commission which reversed a sales tax assessment made by the Wisconsin Department of Revenue on the gross receipts from a

parking lot operated by the respondent, Family Hospital, Inc.

Family Hospital, Inc., is organized as a nonprofit Wisconsin corporation exclusively for charitable, scientific and educational purposes and is engaged in the operation of a hospital in the Milwaukee area. The hospital operates a parking lot adjacent to its facilities used primarily by patients, employees and guests of the hospital.

In September of 1976, the Wisconsin Department of Revenue assessed a sales tax in the amount of $305.89, plus interest of $66.93, on the parking lot receipts collected by Family Hospital for the period covering April 1, 1972 through March 31, 1976. The Department of Revenue contended that the parking lot income was taxable pursuant to sec. 77.52(2)(a) 9, Stats., which lists the provision of parking as a service subject to the Wisconsin sales tax.[1] Family Hospital petitioned the Department of Revenue for a redetermination of the tax assessment contending that according to the Department of Revenue Technical Information Memorandum S–25.3, the receipts from hospital parking lots were exempt from the sales tax. The Department of Revenue denied the petition and Family Hospital appealed to the Wisconsin Tax Appeals Commission. The Commission held that "the gross receipts from parking received by a nonprofit hospital . . . are not subject to sales tax within the intent and meaning of ch. 77 of the Wisconsin Statutes" and reversed the assessment of the Department of Revenue.

The Department of Revenue sought review of the decision of the Wisconsin Tax Appeals Commission in the

---

[1] Sec. 77.52(2)(a)9, Stats., was amended by ch. 221, sec. 505 (b), Laws of 1979, to delete the exception made for parking provided by governmental units. The amended version of the statute is not involved in this appeal.

Dane county circuit court. The circuit court agreed with the decision of the Tax Appeals Commission, holding that the parking receipts were exempt from the sales and use tax under sec. 77.54(9a), Stats. 1977. The Department of Revenue appealed the circuit court judgment and the appellate court affirmed, agreeing with the circuit court's construction of sec. 77.54(9a), exempting the parking receipts from the sales tax.

*Issue*

1. Is the Department of Revenue estopped from collecting the sales tax based upon the facts of this case?

Family Hospital argues that even if the parking lot receipts are not exempt from the sales tax under the provisions of sec. 77.54(9a), Stats. 1977, the Department of Revenue should be estopped from imposing the sales tax in this case based upon Technical Information Memorandums S–25.2 and S–25.3 issued by the Department during the time period involved.

A Technical Information Memorandum S–25.3 was issued by the Department of Revenue on September 2, 1975. It expressly replaced the Technical Information Memorandum S–25.2 issued earlier by the Department. Although each memorandum was entitled "SUBJECT: GOVERNMENTAL UNITS," they both expressly indicated that the information contained in them applied to *"hospitals and other exempt entities"* (emphasis added) in the manner set out below:

"Certain sales by the State of Wisconsin, governmental units within the state, *hospitals* and other exempt entities are subject to the 4% sales tax. . . .

*"The following lists should serve as guides to determine which items are taxable and exempt under the law:"* *(Emphasis supplied.)*

The nontaxable receipts in each memorandum listed parking among the exemptions in the following manner:

## "NONTAXABLE RECEIPTS"

" . . .

"B. *Parking*, docking and *storage of motor vehicles, automobiles*, aircraft and boats." (Emphasis supplied.)

In addition, the caption on each memorandum expressly indicated that it construed the provisions of sec. 77.54 (9a), Stats. Thus, the Technical Information Memorandums demonstrate that at all times relevant to this dispute the department's published interpretation of the tax laws held that the hospital parking receipts were tax exempt.

In *Department of Revenue v. Moebius Printing Co.*, 89 Wis. 2d 610, 279 N.W.2d 213 (1979), this court recognized that in a proper case equitable principles may estop the Department from assessing a sales tax.

" 'We conclude that where a party seeks to estop the Department of Revenue and the elements of estoppel are clearly present, the estoppel doctrine is applicable where it would be unconscionable to allow the state to revise an earlier position. *Libby, McNeill & Libby v. Dept. of Taxation, supra*, 260 Wis. at 558, 559. In each case the court must determine whether justice requires the application of the doctrine of estoppel; the determination of whether the state is estopped must be made on a case-by-case basis.' " Id. at 641.

The first question presented in determining whether the Department should be estopped from collecting a tax is whether the elements of estoppel are present. This court has summarized the elements of equitable estoppel in the following manner:

" 'The defense of equitable estoppel consists of action or non-action which, on the part of one against whom estoppel is asserted, induces reliance thereon by the other, either in action or non-action, which is to his detriment. *Chicago & Northwestern Transportation Co. v.*

*Thoreson Food Products, Inc.,* 71 Wis. 2d 143, 153, 238 N.W.2d 69 (1976). It is elementary, however, that the reliance on the words or conduct of the other must be reasonable *(Chicago & Northwestern Transportation Co. v. Thoreson Food Products, Inc., supra* at 154) and justifiable *(Matter of Alexander's Estate,* 75 Wis. 2d 168, 183–84, 248 N.W.2d 475 (1977)).' *Kohlenberg v. American Plumbing Supply Co.,* 82 Wis. 2d 384, 396, 263 N.W. 2d 496 (1978)." *Department of Revenue v. Moebius Printing Co., supra* at 634.

We hold that the action of the Department in issuing the Technical Information Memorandums which expressly listed parking receipts as nontaxable fulfills the requirement of an action on the part of one against whom estoppel is asserted. The reliance of Family Hospital on these memorandums is self-evident from the fact that they did not collect a sales tax from those persons using the parking facility during the time period involved in this dispute. The detriment to Family Hospital is that they did not collect the tax because of their reliance on the Technical Information Memorandums and, thus, at this time are unable to collect the back taxes from the persons who used the parking facility and, therefore, the hospital would be required to make the payment out of their own funds. The requirement that the hospital pay back taxes on the parking receipts would be especially burdensome here where it is undisputed that the hospital's operation of the parking lot is *not for profit,* and is incidental to the providing of medical services and necessary in today's motorized society. The hospital does not have a surplus fund from which to pay the tax which otherwise would have been charged to those using the parking lot.

The Department of Revenue argues that the record is devoid of evidence proving Family Hospital's reliance

on the Technical Information Memorandums. We disagree. A review of the record clearly demonstrates that in its initial letter disputing the Department's tax assessment, Family Hospital based its objections to the tax on the provisions of Technical Information Memorandum S–25.3. In its petition to the Wisconsin Tax Appeals Commission, Family Hospital again expressly stated that it relied upon the Technical Information Memorandums is ued by the Department and the record fails to demonstrate that at any time during the proceedings did the Department dispute the fact that the Hospital relied upon these memorandums. The conclusion that Family Hospital relied upon the Technical Information Memorandums is further supported by the fact that the hospital did not collect a sales tax on the parking fee during the time period in question. Based on these facts, we hold that the reliance of Family Hospital on the Technical Information Memorandums is adequately demonstrated in the record.

In addition, we hold that the reliance of Family Hospital upon these Technical Information Memorandums issued by the Department of Revenue, the agency responsible for the enforcement of the sales tax, was reasonable as these memorandums expressly applied to hospitals and other exempt entities. The reliance of the hospital on the Technical Information Memorandums is further justified because it is consistent with the fact that the state of Wisconsin imposes no sales tax on the sale of food by nonprofit hospitals to its patients, employees and guests. We note that Technical Information Memorandum S–25.3 expressly lists meals sold by hospitals as tax exempt:

*"NONTAXABLE RECEIPTS"*

"L. Meals, food, food products or beverages (except soda water beverages and beer) sold by hospitals, sanitoriums and nursing homes to patients, employes or guests. Dormitory meals furnished in accordance with any contract or agreement by a public or private institution of higher education. Meals sold to the elderly or handicapped by 'mobile meals on wheels,' effective October 4, 1973."

Because we find that Family Hospital relied to its own detriment on the Department of Revenue's issuance of the Technical Information Memorandums S–25.2 and S–25.3, we hold that the elements of equitable estoppel are clearly present in this case and the doctrine should be invoked.

We next address the question of whether "justice requires the application of the doctrine of estoppel in this case." *Department of Revenue v. Moebius Printing Co.,* *supra* at 641. Imposing the sales tax upon Family Hospital in the case at bar would require the payment of the tax out of the hospital's current funds as the hospital is unable to collect the back taxes from those who used the parking facility during the years in question. Such payment would unnecessarily drain the funds of a non-profit organization established solely for charitable, scientific and educational purposes at a time when such institutions are already plagued by rising hospital costs. In addition, the imposition of the sales tax would offend conceptions of justice and fair play as it would implicitly allow the state to revise its earlier publicized position (Technical Information Memorandums S–25.2 and S–25.3) without fulfilling its obligation to provide the taxpayer with an explanation, fair notice and a hearing before revising that position.

This case is analogous to *Libby, McNeill & Libby v. Department of Taxation,* 260 Wis. 551, 51 N.W.2d 796

(1952), in which this court held that the Department of Taxation was estopped from collecting a privilege dividend tax due on dividends paid by the plaintiff for several previous years. Central to this court's decision to apply the doctrine of estoppel was the plaintiff's justifiable reliance upon a prior decision of this court indicating that the tax was not due and the fact that the plaintiff could no longer collect the tax by deducting it from the dividends which had already been paid:

"In this case the petitioner, relying upon a ruling of this court and with the acquiescence of the taxing authorities, omitted to deduct and pay to the state the tax from dividends paid to its stockholders. Now, having parted with the money, it is asked to pay. This is not a case where the petitioner is merely seeking to avoid payment of a tax and there is nothing else involved. . . ." *Id.* at 556.

In that opinion, we also noted:

"True, the doctrine of estoppel is not applied as freely against governmental agencies as it is in the case of private persons. But we conclude that the undisputed facts in this case call for the application of the doctrine because the previous conduct of the department, motivated if not compelled by the pronouncement of the state's highest court, caused petitioner in good faith to change its position in such a way that an inequitable result would ensue to it if the estoppel were denied." *Id.* at 559.

In further support of our decision in *Libby, McNeill & Libby v. Dept. of Taxation,* we noted the decisions of several other jurisdictions applying the doctrine of estoppel against the government where a party's justified reliance upon the acts of the government prevented it from collecting funds which the government later seeks to recover.

This case presents a situation similar to that presented in *Libby,* and the cases cited therein, as Family Hospital did not collect the sales tax from the persons using

the parking lot because of its reliance on the Technical Information Memorandums and the Department is now attempting to collect those funds at a time when the hospital is unable to pass the tax along to the users who benefited from the parking lot service.

In *Department of Revenue v. Moebius Printing Co., supra,* we stated:

"Revenues to support state services are gathered primarily as a result of the conscientious and voluntary compliance of taxpayer with the tax laws and Department procedures. It is important that taxpayers receive fair play from tax officials." *Id.* at 640.

The Technical Information Memorandums involved in this case were issued by the Department of Revenue as an official interpretation of the statutes for the purpose of aiding the taxpayer in his compliance with the tax laws. That being the case, allowing the department to collect the alleged past due taxes would be unfair. It would defeat the precise goals of conscientious and voluntary compliance with the tax laws to now allow the Department to avoid their own construction of the tax law as publicized in the official Technical Information Memorandums.

Because of our interest in guaranteeing that taxpayers receive fair play from our state's tax enforcement officials especially when placing a burden upon a hospital which operates exclusively for charitable, scientific and educational purposes, we hold that justice requires the application of the doctrine of estoppel in this case. Thus, the Department of Revenue is estopped from collecting the sales tax due on the parking receipts involved in this case.

In light of our holding that the Department of Revenue is estopped from collecting the sales tax on Family Hospital's parking receipts, it is not necessary for us to

construe the exemption contained in sec. 77.54(9a), Stats. 1977.[2]

*By the Court.*—The decision of the Court of Appeals is affirmed.

---

[2] This section has been amended by sec. 7, ch. 174, Laws of 1979, to read as follows:

"(9a) The gross receipts from sales to, and the storage, use or other consumption of tangible personal property and taxable services by:

". . .

"(f) Any corporation, community chest fund, foundation or association organized and operated exclusively for religious, charitable, scientific or educational purposes, or for the prevention of cruelty to children or animals, no part of the net income of which inures to the benefit of any private stockholder, shareholder, member or corporation."

Although the purpose of this amendment as stated in the introduction to this legislation was to eliminate obsolete language, correct cross references, create uniform definitions, reconcile conflicts and clarify language (as suggested by the Department of Revenue), we note that the amendment significantly alters the manner in which the exemption of sec. 77.54(9a), Stats., reads and thus affects the plain meaning of the statute.