Joseph SANFELIPPO, Petitioner-Respondent,†

v.

Wisconsin DEPARTMENT OF REVENUE, Respondent-Appellant.

Court of Appeals

*No. 91-1193. Oral argument March 12, 1992.—Decided July 9, 1992.*

(Also reported in — N.W.2d —.)

†Petition to review denied.

For the respondent-appellant the cause was submitted on the brief of *James E. Doyle,* attorney general, with *Gerald S. Wilcox,* assistant attorney general. Oral argument by *Gerald S. Wilcox,* assistant attorney general.

■

For the petitioner-respondent the cause was submitted on the brief of *Jeffrey S. Hynes* of *Adelman, Adelman & Murray, S.C.* of Milwaukee. Oral argument by *Jeffrey S. Hynes* of *Adelman, Adelman & Murray, S.C.*

Before Eich, C.J., Gartzke, P.J., and Sundby, J.

GARTZKE, P.J.   Joseph Sanfelippo owns two taxicabs. He leases his cabs to the drivers. The issue is whether the drivers' lease payments to him are gross receipts from sales at retail and, therefore, subject to the retail sales tax under sec. 77.52(1), Stats.[1] The Wisconsin Department of Revenue believes that the sales tax applies and assessed a sales tax against Sanfelippo. The Wisconsin Tax Appeals Commission agreed with the department. The circuit court accepted Sanfelippo's claim that the sales tax does not apply and reversed the commission's decision. The department appeals. We conclude that the lease payments are sales at retail and are therefore subject to sales tax. For that reason, we reverse the order of the circuit court.

During the years at issue, 1981–84, Sanfelippo orally leased his cabs to drivers for $100 to $125 per week. He exercised no control over the drivers and took no share of their fares. They paid for the gas and some maintenance.

■

Because the facts are undisputed, and this case presents only questions of law, we are not bound by the

---

[1]Section 77.52(1), Stats., provides:

For the privilege of selling, leasing or renting tangible personal property, including accessories, components, attachments, parts, supplies and materials, at retail a tax is imposed upon all retailers at the rate of 5% of the gross receipts from the sale, lease or rental of tangible personal property, including accessories, components, attachments, parts, supplies and materials, sold, leased or rented at retail in this state.

384

commission's or trial court's conclusions. *Anderson v. DOR,* 169 Wis. 2d 255, 262, 484 N.W.2d 914, 916 (1992). However, the commission has decided one case similar to the one before us. For that reason, its decision, being "very nearly" one of first impression, is entitled to "due weight." *Jicha v. DILHR,* 169 Wis. 2d 284, 291, 485 N.W.2d 256, 259 (1992).

A sales tax is imposed upon the sale, lease or rental of tangible personal property "at retail." Section 77.52(1), Stats. A "sale at retail" includes

> the transfer of the ownership of, title to, possession of, or enjoyment of tangible personal property or services for use or consumption *but not for resale* as tangible personal property or services and includes:
>
> . . ..
>
> (j)  The granting of possession of tangible personal property by a lessor to a lessee, or to another person at the direction of the lessee. Such a transaction is deemed a continuing sale in this state by the lessor for the duration of the lease as respects any period of time the leased property is situated in this state, irrespective of the time or place of delivery of the property to the lessee or such other person.

Section 77.51(14), Stats. (emphasis added).

Sanfelippo argues that his leases to cab drivers are not taxable because each transfer is for the purpose of "resale" under sec. 77.52(1), Stats., since the drivers use the cabs to serve the passenger public. For that reason, he contends that his lease receipts are not subject to sales tax. He relies on *DOR v. Milwaukee Refining Corp.,* 80 Wis. 2d 44, 257 N.W.2d 855 (1977).

In *Milwaukee Refining,* the taxpayer sold gold to dentists who used it for their patients' inlays, bridges and partial plates. The department assessed sales taxes

against the taxpayer on grounds that its sales of gold to dentists were made at retail. Rejecting the department's theory, the *Milwaukee Refining* court concluded that the taxpayer sold the gold to the dentists for resale to their patients. Consequently, the sales were not made at retail. *Id.* at 51, 53, 257 N.W.2d at 859, 860. The court reasoned that the transfer of property for

> "use or consumption but not for resale as tangible personal property or services" can be understood only as meaning the final and ultimate employment of the property which results in its withdrawal from the marketplace of goods and services. In the case of dental alloys the final and ultimate employment occurs when the dentist installs the gold in the mouth of the patient.

*Id.* at 51, 257 N.W.2d at 859.

Sanfelippo's reliance on *Milwaukee Refining* is misplaced. Sanfelippo's drivers do not resell, re-lease or sublease his cabs. His drivers do not transfer ownership of, title to or possession of the cabs. At all times during the driver-passenger relationship, each driver retains control of the cab.[2]

Sanfelippo argues that when he leases a cab to a driver, that is not the "final and ultimate employment" of the cab, citing *Milwaukee Refining*, 80 Wis. 2d at 51,

---

[2]Nor does the driver transfer the "enjoyment" of the cab to the passenger, sec. 77.51(14), Stats., because to "have the 'enjoyment' of tangible personal property, one must not only derive an economic or social benefit, but must also derive some use of the property beyond achieving the end result of completing a contract and must have the benefit of applying the tangible property to its normal use." *DOR v. Horne Directory, Inc.*, 105 Wis. 2d 52, 60, 312 N.W.2d 820, 825 (1981). A cab patron does not derive use of the cab beyond achieving the end result of being driven to a chosen destination in exchange for a fare.

257 N.W.2d at 859. The "final and ultimate employment" occurs, he asserts, when a driver transports a passenger in exchange for a fare. We disagree. The driver employs the cab, not the passenger. The driver employs the cab to provide a service, transportation. The passenger receives nothing more than that service. The "final and ultimate employment" of the cab is by the driver.

Again relying on *Milwaukee Refining,* Sanfelippo argues that the cab is withdrawn from the marketplace of goods and services when the passenger pays the fare. *Id.* Not so. The cab leaves the marketplace when a driver leases it from Sanfelippo. The cab itself never re-enters the marketplace. The cab is not for sale or leased to others. The driver's services are for sale. Those services are withdrawn from the marketplace when the passenger pays or agrees to pay the fare, but Sanfelippo is not the service provider.

Sanfelippo argues that the applicability of the sales tax statute to the undisputed facts is ambiguous. He cites the familiar rule that a "tax can only be imposed by clear and express language, and all ambiguities as to the applicability of the tax must be resolved in favor of the person upon whom the tax is sought to be imposed." *Kollasch v. Adamany,* 104 Wis. 2d 552, 561, 313 N.W.2d 47, 51 (1981).

A statute is ambiguous when it can be construed in two different ways by reasonably well-informed persons. *Id.* at 561, 313 N.W.2d at 51–52. Sanfelippo points out that the department reached one result, the commissioner affirmed with one commissioner dissenting, and that the circuit court agreed with the dissenting commissioner. Ambiguity, however, is not necessarily present when courts disagree regarding a statute's meaning.

Such a test is "unworkable," since it would mean that "a trial court's finding of ambiguity is final, because a contrary conclusion by an appellate court would itself evidence ambiguity. That is, the appellate court's conclusion that the statute is unambiguous would create an ambiguity." *State v. Moore,* 167 Wis. 2d 491, 497 n.6, 481 N.W.2d 633, 636 n.6 (1992).

Sanfelippo contends that the statute is ambiguous because it fails to provide guidance to the taxpayer as to whether a sale is "at retail." He acknowledges that sec. 77.51(14)(a)-(m), Stats., lists several sales made at retail, but argues that neither the leasing of taxicabs "or any business transaction related to the leasing of taxicabs is included in the list." We disagree.

Section 77.51(14)(j), Stats., provides that a sale at retail includes the "granting of possession of tangible personal property by a lessor to a lessee . . .. Such a transaction is deemed a continuing sale . . .." Sanfelippo, as lessor, grants possession of the cabs to the drivers, as lessees. It is immaterial that subsection (j) does not specifically apply to taxicabs. It applies to tangible personal property, and that includes cabs. That is unambiguous.[3]

Sanfelippo implies that because a reasonable person could believe that his cab leases were for resale, the statute is ambiguous. But it is plain that his drivers do not "resell" the leased cabs to their passengers. Moreover, subsection (j) bolsters the conclusion that Sanfelippo's leases to the drivers were sales made at retail and not for resale.

Finally, Sanfelippo asserts that the department had once taken the position that cab owners who had an

---

[3]We also note that the list of sales contained in sec. 77.51(14)(a)-(m), Stats., is illustrative, not exhaustive.

employer-employee relationship with their drivers could not be subject to the sales tax. In 1974, the Wisconsin Department of Industry, Labor and Human Relations ruled that Sanfelippo was in such a relationship.[4] Sanfelippo argues that these two positions, taken together, render the statute ambiguous as applied to him. We disagree. The commission did not find that the department took such a position. The department denies that it did. The record fails to disclose what the fact is.[5]

*By the Court.*—Order reversed.

SUNDBY, J. *(dissenting).* I accept Sanfelippo's argument that his lease of a taxicab to a driver is not the "final and ultimate employment of the property which results in its withdrawal from the marketplace of goods and services." *DOR v. Milwaukee Refining Corp.,* 80 Wis. 2d 44, 51, 257 N.W.2d 855, 859 (1977). The court concludes that a taxicab passenger who hires a taxicab does not lease the cab but only employs the driver. The court states: "The cab is not for sale or leased to others. The driver's services are for sale." Majority op. at 387. I suggest the taxi driver is poorly placed to satisfy the demands of a consumer of his or her services without a taxicab. When I was last forced to use the type of vehicular transportation offered by the drivers of Sanfelippo's taxis, I shouted "taxi" at the passing vehicle, not

[4]DILHR's ruling was for unemployment compensation purposes and a circuit court upheld that ruling. A ruling by DILHR under a statute governing employment compensation contributions does not render the sales tax statute ambiguous.

[5]Sanfelippo argued to the commission and the circuit court that because of DILHR's rulings, the department is estopped from imposing the sales tax at issue. At oral argument, Sanfelippo's counsel said that the estoppel issue was not before us because the circuit court did not reach the issue.

"driver." I concede that when my hail was responded to, I did not drive the taxi. But, I submit, as long as I paid the fare, I controlled the destination of the taxi. The taxi driver may oust me from my temporary possession, but if the driver does so, he or she risks breaching our lease agreement.

I therefore dissent from the court's judgment.

RECONSIDERATION of the decision filed July 9, 1992.

Before Eich, C.J., Gartzke, P.J., and Sundby, J.

GARTZKE, P.J.   Pursuant to Rule 809.24, Stats., we reconsider our decision solely to address Sanfelippo's argument that if the lease payments are subject to sales tax, the department is estopped from imposing it. We did not decide that issue in our opinion because, as we said in footnote 5, Sanfelippo's counsel stated during oral argument that it was not before us. He insists in his petition for review that he did not waive the issue. The tax appeals commission rejected Sanfelippo's estoppel argument, and so do we. We therefore confirm our mandate.

The elements of estoppel are (1) action or non-action, (2) on the part of one against whom estoppel is asserted, (3) which induces reasonable reliance thereon by the other, either in action or non-action, and (4) which is to his detriment. *DOR v. Moebius Printing Co.,* 89 Wis. 2d 610, 634, 279 N.W.2d 213, 224 (1979).

Estoppel may be applied against the state when the elements of estoppel are clearly present and it would be unconscionable to allow the state to revise an earlier

position. *DOR v. Family Hosp., Inc.*, 105 Wis. 2d 250, 254, 313 N.W.2d 828, 830 (1982). We determine on a case-by-case basis whether justice requires the application of estoppel. *Id.* Estoppel is not applied as freely against governmental agencies as it is against private persons. *Id.* at 258, 313 N.W.2d at 832.

Sanfelippo asserts that from 1970 to 1984 the department took the position that cab owners having employer-employee relationships with their drivers were not subject to the sales tax.[1] Because he relied on the determination by DILHR that his drivers were his employees for unemployment compensation contribution purposes, and the department's failure to collect the sales tax from cab owners in employer-employee relationships, he argues that estoppel should apply. We disagree. The elements of estoppel have not been satisfied.

The action or non-action that Sanfelippo relied upon was not on the part of one against whom estoppel is asserted. He asserts estoppel against the department, not DILHR. Both are state agencies, but DILHR and the department of revenue are separate entities. *Cf. Ryan v. DOR*, 68 Wis. 2d 467, 470, 228 N.W.2d 357, 359 (1975) (department of revenue not estopped by taxpayers' reliance on statements by employee of tax appeals commission, which is attached to the department of administration). Sanfelippo's reliance on DILHR's determination will not work estoppel against the department.

Sanfelippo's reliance on the department's failure to collect sales tax from him was unreasonable. He cites no authority for the proposition that the department has an affirmative duty to inform individual taxpayers of their tax liability. As the tax appeals commission noted, to

---

[1]As we noted earlier, the commission did not find that the department ever took this position.

impose such a duty would be to impose an impossible burden.[2]

*By the Court.*—The decision filed in this case on July 9, 1992, is confirmed.

---

[2]Sanfelippo cites three cases where a court estopped the department from imposing a tax. He asserts that the cases are analogous to the one before us. We disagree. In *Family Hospital* and *Moebius,* the taxpayers relied on departmental pronouncements that the taxpayers were not subject to the tax. *Family Hosp.,* 105 Wis. 2d at 256, 313 N.W.2d at 831 (taxpayer relied on department's Technical Information Memorandums); *Moebius,* 89 Wis. 2d at 636–37, 279 N.W.2d at 224–25 (taxpayer relied on a departmental letter). In *Libby, McNeill & Libby v. Department of Taxation,* 260 Wis. 551, 556, 51 N.W.2d 796, 798 (1952), the taxpayer relied on a supreme court ruling. Sanfelippo did not rely on a departmental memo or letter or appellate court decision that instructed him that he did not have to pay sales tax.