*643
 
 Hallows, J.
 

 The facts are not in dispute and raise the sole question of whether the gross income received by Telemark from furnishing rides on ski tows is taxable as the furnishing for a fee the privilege of having access to or the use of a recreational facility within the meaning of sec. 77.52 (2) (a) 2, Stats.
 

 Telemark does business in Bayfield county where it owns 90 acres of land consisting of 10 slopes which it maintains for skiing during the winter months including the operation of an artificial-snow-making system. Besides three T-bar lifts and 10 rope tows to assist skiers to get from the bottom to the top of the slopes, Telemark operates a parking lot and owns a chalet which is rented out to an operator. No fee is made for parking automobiles in its supervised parking lot or for admission to the chalet or for admission to the recreational area. However, Telemark does charge for the use of the rope tows and T-bar lifts on a daily basis by selling colorful large-size tickets which are attached to the outside of the garments of skiers. On peak days it employs as many as 40 persons as parking-lot attendants and as mechanics and attendants for the rope tows and T-bar lifts. Three ticket offices are operated, one in the parking lot, one between the parking lot and the chalet, and one in the chalet. Skiers are not required to purchase daily tickets in order to use the slopes for skiing but few people do not buy tickets because of the difficulty of getting up the slopes without the mechanical assistance furnished. Telemark prevents persons not having tickets from using the ski tows.
 

 By sec. 77.52 (2), Stats., Wisconsin imposed a selective three-percent sales tax upon the sale of, the performing or furnishing certain types of services at retail. Sub. (2) (a) 2, pertinent to this case, provides “The sale of admissions to places of amusement, athletic entertainment or recreational
 
 *644
 
 events or places and the furnishing, for dues, fees or other considerations, the privilege of access to clubs or the privilege of having access to or the use of amusement, entertainment, athletic or recreational facilities.” In considering this section the trial court in its written opinion stated, “It was obviously the intention of the Wisconsin legislature to levy a tax upon fees for participants as well as admissions for spectators. While it is to be conceded that if there is any ambiguity in a taxing statute, any doubt shall be resolved in favor of the taxpayer,
 
 Wadhams Oil Co. v. State
 
 (1933), 210 Wis. 448, 460, 246 N. W. 689, a court is not to search for doubt in an endeavor to defeat an obvious legislative intention.” We agree.
 

 Telemark argues a ski-tow ride is not amusing, entertaining, athletic, or recreational and the ski tow itself is not a facility but merely a transportation device. Without personal experience or testimony on the point, we cannot vouch for the nonamusing, entertaining, or athletic qualities of a ski-tow ride, and while the rope tow or T-bar lift furnishes transportation in a sense, it does not because of that quality immunize itself from being a recreational facility. Telemark cites
 
 Fisher v. Mt. Mansfield Co.
 
 (2d Cir. 1960), 283 Fed. (2d) 533, but that case, holding a ski tow is a common carrier for the purpose of determining negligence, is not in point on the question of whether it is a facility for taxation purposes. True, ski tows are not specifically mentioned in the statute, but a selective-sales-tax enactment does not need to itemize each specific object of taxation. Individual objects or services may be taxed as members of a designated class. We find no merit in Telemark’s argument that to hold the ski tows a recreational facility would lead to overlapping and inconsistency with other parts of the selective sales tax or that such interpretation would destroy any exemption provided by sec. 77.54 (10), Stats.
 

 
 *645
 
 Telemark contends the word “facilities” in the statute should be construed to mean only “place, location, or situs” and thus the hills and slopes are the recreation “facilities” for the participants. Under this concept T-bar lifts and rope tows are but devices or equipment and since people can ski down the slopes for free, there can be no tax for charging for rides on the ski lifts to go up the slopes.
 

 This statute has not been previously construed by this court, but we do not think it can be given so narrow an interpretation as contended for by Telemark. Words in a statute should be given their ordinary and accepted meaning.
 
 Snorek v. Boyle
 
 (1962), 18 Wis. (2d) 202, 118 N. W. (2d) 132;
 
 Estate of Riebs
 
 (1959), 8 Wis. (2d) 110, 98 N. W. (2d) 453. The trial court construed a facility in terms of Webster’s Third International Dictionary definition as, “5 a: something that promotes the ease of any action, operation, transaction, or course of conduct . . . .” It might have also accepted the definition, “b: something . . . that is built, constructed, installed, or established to perform some particular function or to serve or facilitate some particular end.” Ski tows are certainly built and constructed to perform the particular function of pulling people on skis from the bottom of a hill to its top and thus facilitate the enjoyment of skiing.
 

 Sec. 77.52 (2) (a) 2, Stats., taxes both spectator and participation activities. An admission charge to a place of amusement as provided in the first sentence may be either an admission to a theater as a spectator charge or an admission to a dance or skating rink where the entrant participates and thus be a participation charge. Some activities do not depend upon admission to a confined place but upon access to or use of facilities whether they be the place, such as a golf course, or equipment such as a pool or billiard table. It is apparent sec. 77.52 (2) (a) 2 is more extensive than a strict admission-tax statute and being a selective is
 
 *646
 
 less extensive than a full-tax statute. But this does not mean that because the business of a ski resort is not taxed as such that the furnishing of facilities for skiing must be restricted to the hills and slopes.
 

 If the furnishing for a fee the privilege of having access to or the use of amusement, entertainment, athletic, or recreational facilities were to be construed to mean only access to or use of a place, we would have to disregard the choice of using both “places” and “facilities” in sec. 77.52 (2) (a) 2. That section uses “places” in the first part of the sentence in connection with admissions and “facilities” in the latter part of the sentence in connection with access to or use of. Having used the word “places” in relation to the sales of admission which may include both spectator and participation charges, the legislature must have intended by “facilities” to include something more than a place or location. Consequently, facilities applied to the facts of this case cannot be restricted only to Telemark’s ski slopes but must also include the ski tows. We hold the income for the access to or the use of the ski tows is taxable under sec. 77.52 (2) (a) 2, Stats.
 

 By the Court.
 
 — Judgment affirmed.