DEPARTMENT OF REVENUE, Appellant, v. MILWAUKEE REFINING CORPORATION, Respondent.

*No. 75–694. Argued September 6, 1977.—Decided October 4, 1977.* (Also reported in 257 N. W. 2d 855.)

For the appellant the cause was argued by *Allan P. Hubbard,* assistant attorney general, with whom on the brief was *Bronson C. La Follette,* attorney general.

For the respondent there was a brief by *Robert L. Mann* and *Kohner, Mann & Kailas,* and oral argument by *Robert L. Mann,* all of Milwaukee.

Brief amicus curiae was filed by *Frank J. Pelisek, John K. MacIver* and *Michael, Best & Friedrich* of Milwaukee, for Wisconsin Dental Association, Inc.

HANLEY, J. Two issues are presented on this appeal:

1. Were the sales made by the taxpayer during the period in question sales made at retail by a retailer as those terms are used in sec. 77.52 (1), Stats?

2. Were the sales, if made by a retailer, exempt from the sales tax?

*Sales Made at Retail by a Retailer*

The first matter to be determined on this appeal is the standard of review to be applied. In *Dept. of Revenue v. Smith Harvestore Products*, 72 Wis.2d 60, 240 N.W.2d 357 (1976), this court held that the question of whether facts found by an administrative commission fulfill a particular legal standard is one of law properly reviewable by this court. Moreover, while due deference must be accorded an agency's application of the law to the found facts when the agency has particular competence or expertise in the matter at hand (*Chevrolet Division, G. M. C. v. Industrial Comm.*, 31 Wis.2d 481, 488, 143 N.W.2d 532 (1966); sec. 227.20(2), Stats.), this court has held that such deference is not required when this court is as competent as the agency to decide the question involved. *Dept. of Revenue v. Smith Harvestore Products, supra; Pabst v. Dept. of Revenue*, 19 Wis.2d 313, 120 N.W.2d 77 (1963). Finally, when the material facts are not disputed, and only matters of law are in issue, this court may review the record *ab initio* and substitute its own judgment for that of the Commission. *H. Samuels Co. v. Dept. of Revenue*, 70 Wis.2d 1076, 1083–84, 236 N.W.2d 250 (1975).

The second matter to be determined on this appeal is the standard of construction to be applied to the statute imposing the tax. This court has consistently applied two fundamental rules of construction to the imposition language of taxing statutes: (1) when statutory language is clear and unambiguous, no judicial rule of construction is permitted, and the court must arrive at the intention of the legislature by giving the language its ordinary and accepted meaning; and (2) a tax cannot be imposed without clear and express language for that purpose, and where ambiguity and doubt exist, it must

be resolved in favor of the person upon whom it is sought to impose the tax. *National Amusement Co. v. Dept. of Revenue*, 41 Wis.2d 261, 266–67, 163 N.W.2d 625 (1969); *Recht-Goldin-Siegal Const. v. Dept. of Revenue*, 64 Wis.2d 303, 306, 219 N.W.2d 379 (1974).

This court has consistently used the same test for ambiguity:

"A statute or portion thereof is ambiguous when it is capable of being understood by reasonably well-informed persons in either of two or more senses." *Recht-Goldin-Siegal Const. v. Department of Revenue*, 64 Wis.2d at 306.

However, a court is not to search for doubt in an effort to defeat an obvious legislative intention. *Telemark Co. v. Department of Taxation*, 28 Wis.2d 637, 640, 137 N.W. 2d 407 (1965).

The current sales and use tax is a general taxing plan under which everything is taxable at the retail level unless specifically exempted. *H. Samuels Co. v. Dept. of Revenue, supra*, at 1077–78. Sec. 77.52(1), Stats., imposes the tax on the retail sale:

"77.52. Imposition of retail sales tax. (1) For the privilege of selling . . . tangible personal property, including accessories, components, attachments, parts, supplies and materials, *at retail* a tax is hereby imposed upon all *retailers* at the rate of [4]% of the gross receipts from the sale. . . ." (emphasis supplied).

"Sale at retail" is defined by sec. 77.51(4), Stats.:

"(4) 'Sale,' 'sale, lease or rental,' 'retail sale,' 'sale at retail,' or equivalent terms include anyone or all of the following: the transfer of the ownership of, title to, possession of, or enjoyment of tangible personal property or services *for use or consumption but not for resale* as tangible personal property or services. . . ." (emphasis supplied).

The taxpayer initially contends that the taxability of its sales to dentists is dependent upon the statute and not upon the non-taxability of its purchasers. While it is true that the taxability of the taxpayer's sales transactions must be founded on the statute imposing the tax, the Wisconsin sales taxing plan clearly provides that the level at which the tax is to be collected is determined by identifying the retail sale. Sec. 77.52(1), Stats., imposes the tax for the privilege of selling at retail on all retailers, and sec. 77.51(4) defines a sale at retail as being a sale to one who uses or consumes, but in any event does not resell the property. By this method of elimination, the level at which the tax is generally imposed is determined. In this sense, the taxability of the taxpayer's sales are directly dependent upon the taxability of the use to which the dentists put the alloy.

The taxpayer is correct, however, in asserting that the the identification of the retail sale is not dependent upon the ultimate taxation of the dentist's utilization of the materials. Generally, the Wisconsin sales tax imposes the tax on the sale of all property at the retail level. Any sale not at the retail level is not burdened by the tax. Nevertheless, certain types of tangible personal property may be sold at retail without being taxed, including medicines (sec. 77.54(14), Stats.) and artificial teeth (sec. 77.54(22)(c), Stats.). These provisions exempt these items from taxation at the retail sale; they do not shift the tax burden to another previous sale.

It is therefore necessary to identify, in what may be a series of commercial conveyances, where the retail sale of dental alloys occurs by determining whether dentists acquire the alloy for "use or consumption but not for resale as tangible property or services."

Sec. 77.51(15), Stats., defines the term "use":

"(15) 'Use' includes the exercise of any right or power over tangible personal property incident to the ownership, possession or enjoyment of that property. . . ."

The term "consumption" is not defined by the statute, but is defined by *Webster's Third New International Dictionary*, 490 (1967) as follows:

"1a: the act or action of consuming or destroying . . . b: the wasting, using up, or wearing away of something . . . 2: the utilization of economic goods in the satisfaction of wants or in the process of production resulting in immediate destruction (as in the eating of foods), gradual wear and deterioration (as in the habitation of dwellings), no change aside from natural decay (as in the enjoyment of art objects), or transformation into other goods (as in manufacturing) . . ."

"Consumption" goes further than "use" in that the exercise of consumptive rights or powers over the property renders it, through destruction or deterioration, less useful to others for the same purpose. Regardless, the use or consumption must be final in the commercial sense that the property will not be resold to another as tangible property or services.

We think that this phrase, as used by the legislature to identify the retail sale, is plain and unambiguous. Read together, "use or consumption but not for resale as tangible personal property or services" can be understood only as meaning the final and ultimate employment of the property which results in its withdrawal from the marketplace of goods and services. In the case of dental alloys the final and ultimate employment occurs when the dentist installs the gold in the mouth of the patient.

The Department argues and the taxpayer concedes, that the statute was not intended to impose the tax on dental services. We agree.

"A sales tax with no services taxed is likely to be more regressive than one with all services taxed. But, unfortunately, an attempt to include services encounters

several problems. One major group of services, medical, dental, hospital, legal, educational, appears to many persons to be inappropriate for taxation, because the activity is necessitated by misfortune. The expenses are high relative to overall family budgets." J. Due, *State and Local Sales Taxation,* 307 (1971).

But the avoidance of taxing such services may be accomplished in numerous ways, and in Wisconsin that method appears to be through the use of specific exemptions. A basic rule of this court in construing statutes is to avoid such constructions as would result in any portion of the statute being superfluous. *State v. Wachsmuth,* 73 Wis.2d 318, 324, 243 N.W.2d 410 (1976).

Both parties cite cases of other jurisdictions in support of their positions. While these cases are helpful in demonstrating to this court the view taken in other states of the taxability of conveyances made incidental to the rendition of various professional services, they are not entitled to great weight. For instance, the Department relies upon a series of Alabama Supreme Court decisions (*Crutcher Dental Supply Co. v. Rabren,* 286 Ala. 686, 246 So.2d 415 (1971); *Hamm v. Proctor,* 281 Ala. 54, 198 So.2d 782 (1967); *Haden v. McCarty,* 275 Ala. 76, 152 So.2d 141 (1963)) which, taken together, stand for the proposition that sales of dental supplies to dentists are retail sales as contemplated under the Alabama sales tax statute. Although the definition of retail sale contained in the Alabama statute is similar to the Wisconsin statute, the Alabama statute contained no general exemption from the tax for the sale of medicines. The Alabama court, therefore, was free to construe the definition of "sale at retail" as applied to sales of dental supplies to avoid the taxation of such services without rendering other statutory language superfluous.

Reference is also made to the case of *Kilbane v. Director of Dept. of Revenue,* 544 S.W.2d 9 (Mo. 1976),

wherein the Missouri court held that dentists purchasing custom made crowns and bridgework from the appellant were consumers for the purpose of the state's sales tax. "Sale at retail" was defined by the Missouri statute as

"Any transfer made by any person engaged in business as defined herein of the ownership of, or title to, tangible personal property to the purchaser, for use or consumption and not for resale in any form as tangible personal property, for a valuable consideration."

To this general definition the state's legislature added a provision which deemed purchases of tangible personal property by licensed dentists used in their practice to be purchased for use or consumption. The *Kilbane* court construed the entire definitional section to arrive at its conclusion, and therefore its holding is distinguishable.

We hold that the Tax Appeals Commission was correct in concluding that sales made by the taxpayer during the period in question were not sales made at retail by a retailer as those terms are used in sec. 77.52(1), Stats.

Since the ruling on the first issue is determinative of the case we do not reach the remaining issue of medicinal exemption.

*By the Court.*—Judgment affirmed.

ABRAHAMSON, J. *(concurring).* I would hold that the sale of the gold alloy to the dentist is a sale at retail but that the gross receipts from the sale are exempt from taxation as a medicine.

The distinguishing characteristic of a retail sales tax is that the tax applies to sales to the consumer of goods, not to an intermediary who resells the goods or who processes the goods for resale. As I view the transaction in this case, the sale of the alloy to the dentist is the last transfer of the alloy as tangible personal property and

is a sale for use or consumption by the dentist within the meaning of the statute. Although the sale/service dichotomy is a troublesome one, for purposes of this law, I believe the dentist is engaged in rendering services to his or her patient, not in making sales of alloy or of fillings, bridges, etc. Under current practice, the patient seeks and obtains professional care and treatment. There is a fee to the patient for services rendered, not for the cost of a filling, bridge or plate. The community or customary attitude toward or appraisal of the transaction between dentist and patient is that of a service transaction not a sale.[1] The practice of dentistry need not be conducted in this manner, but it presently is.

Upon consideration of both the legislative purpose of the statute[2] and the effective and efficient administration of the tax,[3] I agree with the Department of Revenue's view that the sale to the dentist is the proper transaction upon which to impose the sales tax. Nevertheless, I would hold that no tax is incurred in the transaction in question. Sec. 77.54(14), Stats., exempts the gross receipts from the sales of "medicines" to a dentist for the treatment of a human being. Sec. 77.51(21), Stats., defines medicines as

". . . any substance or preparation intended for use by external or internal application to the human body in the diagnosis, cure, mitigation, treatment or prevention of disease and which is commonly recognized as a substance or preparation intended for such use; but 'medicines' do not include:

"(a) Any auditory, prosthetic, ophthalmic or ocular device or appliance.

---

[1] *See* Hellerstein, *The Scope of the Taxable Sale Under Sales and Use Tax Act: Sales as Distinguished from Services*, 11 Tax L. Rev. 261, 267–288 (1956).

[2] Davis, *The Purposive Approach to the Interpretation of Sales Tax Statutes*, 27 Ohio St. J. J. 429 (1966).

[3] *Cf. Western Leather & Finding Co. v. State Tax Commn.*, 87 Utah 227, 48 P.2d 526 (1935) (Wolfe, J. concurring opinion).

"(b) Articles which are in the nature of splints, bandages, pads, compresses, supports, dressings, instruments, apparatus, contrivances, appliances, devices or other mechanical, electronic, optical or physical equipment or article or the component parts or accessories thereof.

"(c) Any alcoholic beverage the manufacture, sale, purchase, possession or transportation of which is licensed or regulated under the laws of this state."

I would hold that the sale of alloy is exempt as a sale of medicine. Gold alloy sold to a dentist is a substance intended for use by external or internal application to the human body in the diagnosis, cure, mitigation, treatment or prevention of disease. In my view, the dictionary definition of disease is broad enough to cover mouth disorders which are corrected by the use of dental gold alloy. Gold alloy is not in and of itself a prosthetic (as the Department of Revenue contends) and therefore is not excluded from the above quoted statutory definition of medicine. If alloy were considered a prosthetic then I believe it would be exempt from tax under sec. 77.54 (22), Stats.