EDWIN M. WILKIE, Administrative Director of Courts SupremeCourt
You have asked how much suit tax should be collected by the clerk of court in small claims garnishment actions. The question arises because sec. 812.04 (1), Stats., states that a suit tax of $2.50 shall be collected in small claims garnishment actions, and sec. 814.21 (1) (a), Stats., states that the suit tax in small claims actions shall be $4.00.
I am unable to construe the two statutes so as to avoid a conflict. I conclude that clerks of court should apply and enforce sec. 812.04 (1), Stats. That section, effective January 1, 1976 provides in relevant part:
812.04 GARNISHMENT ACTIONS; HOW COMMENCED; SUMMONS.
 (1) Upon payment to the clerk of court of a clerk's fee of $2 and a suit tax of $2.50 in actions under s. 299.01 (4) (b) and a suit tax of $5 in other garnishment actions, the clerk shall issue a garnishee summons together with sufficient copies to the plaintiff or his attorney; the summons form may be in blank, but must carry the court seal.
Section 814.21 (1) (a), formerly sec. 271.21 until January 1, 1976, provides:
 (1) In each civil action, special proceeding, except probate proceedings, and cognovit judgment in the circuit or county court, excluding all matters brought into the probate branches, a suit tax of $11 shall be paid at the time the action is commenced, except that: *Page 8 
 (a) In actions by small claim type procedure, the suit tax is $4.
The lower suit tax for small claims proceedings was first enacted by ch. 315, Laws of 1959, which contained language substantially similar to the present statute with respect to small claims suit tax.
Chapter 299, Stats., also created by ch. 315, Laws of 1959, addresses in detail the subject of small claims actions. Section299.08 provides: "Clerk's fee. At the time of issuance of every summons . . . the plaintiff shall pay to the clerk of the court, a clerk's fee of $3 and the applicable suit tax prescribed by s.814.21 (1) (a), except that the state or a municipality need not advance these fees."
Because ch. 299 is the Legislature's most detailed and extensive statement on small claims actions, one could argue that the sec. 299.08 reference to sec. 814.21 is the definitive statement on suit tax in any small claims action. Conversely, sec. 812.04 (1), Stats., could be viewed as the more specific statute, making small claims garnishments a subcategory of small claims generally.
It is also reasonable to assume that the Legislature's true intent as to the amount of a suit tax will be stated in the statute headed "Suit tax" (sec. 814.21), rather than in a statute on garnishment procedure.
On the other hand, there is a strong line of cases in Wisconsin which hold that no tax can be imposed by implication, but must be authorized by clear and express language. Where ambiguity and doubt exist in a taxing statute, doubt must be resolved in favor of the person on whom the tax is sought to be imposed. See Wis.Dept. of Revenue v. Milwaukee Refining Corp., 80 Wis.2d 44, at48-49, 257 N.W.2d 855 (1977).
Applying this principle, I have first determined that secs.812.04 (1) and 814.21 (1)(a) are in conflict. It would be reasonable to assume that either statute specifically prescribes the correct suit tax in a small claims garnishment action; to ignore the dollar tax specified in sec. 812.04 because sec. 814.21 deals more directly with taxes would be to render a portion of the former statute superfluous — a construction which courts do not favor.
Accordingly, sec. 812.04 (1), Stats., should be applied and enforced by clerks of court in small claims garnishment actions. You *Page 9 
may wish to take steps to encourage the Legislature to remove the conflict between the two statutes.
BCL:MVB