Charles H. SQUIRES, Petitioner-Appellant,

v.

LABOR & INDUSTRY REVIEW COMMISSION, Respondent.

Court of Appeals

*No. 79–753. Submitted on briefs October 12, 1979.— Decided May 23, 1980.*
(Also reported in 294 N.W.2d 48.)

For the appellant the cause was submitted on the briefs of *Lester A. Pines* and *Langhammer & Pines,* of Madison.

For the respondent the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, with whom on the brief was *Lowell E. Nass,* assistant attorney general.

Before Gartzke, P.J., Bablitch, J. and Dykman, J.

GARTZKE, P.J.  The employee, Charles H. Squires, has appealed from the judgment of the circuit court which affirmed the decision of the Labor and Industry Review Commission that the employee's complaint be dismissed.  We affirm.

The complaint charges that the University of Wisconson discriminated against the employee on the basis of handicap and race in regard to discharge in violation of Wisconsin's Fair Employment Act.  It is unlawful for an employer to discriminate against an employee because of handicap.  Secs. 111.325 and 111.32 (5) (a), Stats. 1973.[1]

---

[1] All references to ch. 111, Stats., are to the 1973 statutes.

The matter was heard by an examiner who made the following findings of fact:

2. The Complainant was employed by the Respondent [University of Wisconsin] as a Building Maintenance Helper 2. He is an alcoholic.

3. The Complainant was suspended for one day without pay for coming to work under the influence of alcohol on February 27, 1972. The Complainant was suspended from work for four days without pay for coming to work under the influence of alcohol on August 30, 1974. The Complainant was suspended from work without pay for six days for coming to work under the influence of alcohol on January 16, 1975. He was terminated for coming to work under the influence of alcohol on February 14, 1975. On each of these occasions, the Complainant was unable to adequately perform his job duties.

4. The Complainant was terminated for reporting to work in such a condition that he was unable to perform his job duties. The Complainant was not terminated for being an alcoholic.

The examiner found that the university is an employer, that the employee is handicapped and that the respondent did not discriminate against the employee on the basis of handicap in regard to discharge in violation of secs. 111.31 to 111.37, Stats. The examiner explained her decision as follows:

I have made no finding as to whether the Complainant was intoxicated or sick on February 14, 1975 because it does not make any difference to the outcome of this case. Regardless of the cause, the Complainant was unable to perform his duties on that date as he had been on three other occasions, one of which had been only a month earlier. The Complainant was discharged because he was not able to perform his job duties. He was not discharged for being an alcoholic.

The examiner recommended that the complaint be dismissed. The commission adopted that decision.

The circuit court held on ch. 227, Stats., review that substantial evidence supported the finding that the em-

ployee's employment was terminated because he was unable to perform his job duties and not because of handicap.

It is stated in *Boynton Cab Company v. DILHR*, 96 Wis.2d 396, 405, 291 N.W.2d 850, 855 (1980):

In reviewing a circuit court order reversing or modifying an order of an administrative agency, an appellate court's scope of review is identical to that of the circuit court. *Scharping v. Johnson*, 32 Wis.2d 383, 145 N.W. 2d 691 (1966). Findings of fact shall be set aside if not supported by substantial evidence in the record. Sec. 227.20(1)(d), Stats. (1973). Questions of law, including the construction, interpretation, or application of a statute, are reviewable *ab initio*. Sec. 227.20(1)(b), Stats. (1973); *see also, Milwaukee County v. DILHR*, 80 Wis.2d 445, 455, 259 N.W.2d 118 (1977); *Department of Revenue v. Milwaukee Refining Corp.*, 80 Wis. 2d 44, 48, 257 N.W.2d 855 (1977); *Pabst v. Department of Taxation*, 19 Wis.2d 313, 322, 120 N.W.2d 77 (1963).

*Boynton Cab, supra,* reviews the burden of proof in a handicap discrimination case under the 1973 statutes:

There are three points essential to establishing that a person has been discriminated against in regard to employment due to a handicap: (1) The complainant must be handicapped within the meaning of the Fair Employment Act (FEA); (2) the complainant must establish that the employer's discrimination was on the basis of handicap; and (3) it must appear that the employer cannot justify its alleged discrimination under the exception set forth in sec. 111.32(5)(f), Stats. 96 Wis.2d at 406, 291 N.W.2d at 855 (footnotes omitted).

The first point is not at issue. It is undisputed that the employee is handicapped by reason of his alcoholism. The second point requires the employee to establish, in the context of this case, that the employer discharged him because of his alcoholism. The employee has not done so and the judgment must be affirmed.

The employee contends that the record made before the examiner is incomplete. He asserts that the existence of Executive Order No. 74 required the examiner to find whether the employee's work performance was impaired by his alcoholism.

The governor issued Executive Order No. 74 April 9, 1974, a section of which provides in material part:

1. An Employee Assistance Program be established and that implementation begin immediately in every department, independent agency and statutory council in accordance with the Policy, Procedures and Training guidelines adopted by the State Occupational Alcoholism Program as follows:
a. departments shall support and share in the implementation of the Employee Assistance Program by:
(1) establishing a system for early identification, referral and follow-up of employees *whose work performance is impaired by alcoholism* . . . . (Emphasis added.)

Section 111.32 (5) (f), Stats., provides in material part:

The prohibition against discrimination because of handicap does not apply to failure of an employer to employ or to retain as an employe any person who because of a handicap is physically or otherwise unable to efficiently perform, at the standards set by the employer, the duties required in that job. . . .

Nothing in sec. 111.32 (5) (f), Stats., prevents an employer from discharging an employee who is an alcoholic and who because of his alcoholism is physically or otherwise unable to efficiently perform the duties required in his job.

The employee argues that sec. 111.32 (5) (f), Stats., is, however, "vitiated" by the quoted section of Executive Order No. 74. We disagree. Assuming that the governor may "vitiate" a statute by an executive order, we are not directed to a provision in the executive order

which prohibits a state agency from terminating the employment of an employee whose alcoholism renders him unable to do his job.

The employee next contends that sec. 111.32(5)(f), Stats., should not be interpreted to allow discharge of a handicapped person whose inability to perform duties is merely temporary. The employee urges that the interpretation by the commission would permit an employer to discharge a person with epilepsy for having a seizure while on the job. He states that we should distinguish between a handicap such as blindness which would render a person totally unable to perform certain job duties and handicaps like alcoholism which create intermittent or infrequent interference with job performance.

Section 111.31(3), Stats., provides that the statute is to be liberally construed. Nothing, however, in sec. 111.-32(5)(f) suggests a distinction between a fulltime incapacity to perform job duties and temporary or sporadic incapacities. Indeed, sec. 111.32(5)(f) expressly refers to inability to "efficiently perform, *at the standards set by the employer*, the duties required in that job." (Emphasis added.) Here the employee was not only unable to perform his duties on the day in question, February 14, 1975, but, as the examiner expressly found, on three other occasions, one of which had occurred within approximately one month. An interpretation of the statute allowing discharge under such circumstances is reasonable.

*By the Court.*—Judgment affirmed.