CITY OF RACINE, Petitioner-Appellant,

v.

Wisconsin DEPARTMENT OF REVENUE, Respondent.

Court of Appeals

*No. 82–1641. Submitted on briefs August 22, 1983.—*
*Decided October 4, 1983.*
(Also reported in 340 N.W.2d 741.)

For the appellant the cause was submitted on the brief of *City of Racine* and *Joseph E. Boyle,* city attorney, of Racine.

For the respondent the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *Daniel D. Stier,* assistant attorney general.

Before Foley, P.J., Dean and Cane, JJ.

FOLEY, P.J. The City of Racine appeals from a judgment affirming a determination of the Wisconsin Tax Appeals Commission upholding the Wisconsin Department of Revenue's assessment of a sales and use tax deficiency against the city. Because we agree with the Commission's determination that fees charged by the city to individuals and teams for participation in city-sponsored athletic activities were subject to the sales and use tax, we affirm the judgment.

The city administered leagues for sports activities. The facilities used by the leagues were mainly city-owned, although facilities such as gymnasiums and ball diamonds were sometimes rented from the local school district. To participate in league play, players and teams were required to pay fees to the city's Parks and Recreation Department. The income from the fees was used both for the rental of facilities and to defray administrative expenses.

The city concedes liability for the tax on the portion of the fees used to rent facilities, but denies that the tax is applicable to the portion of the fees used to defray administrative expenses. It argues that sec. 77.52(2)(a)2, Stats., which taxes amounts paid for "the privilege of having access to or the use of . . . athletic or recreational devices or facilities," imposes a tax only on the amount charged for the actual use of physical facilities.

The city's argument ignores the fact that sales taxation is not dependent on the seller's uses of its gross receipts, but rather on whether a participant is required to pay to gain access to or use of the facility. *See Telemark Co. v. Wisconsin Department of Taxation,* 28 Wis. 2d 637, 641, 137 N.W.2d 407, 409 (1965).[1] The city's "no

---

[1] The court in *Telemark* rejected a ski resort operator's argument that fees charged for tow tickets were not taxable because, although the ski hills themselves were recreational facilities, the

pay—no play" policy clearly imposes a fee for "access to or the use of" recreational facilities. While the taxpayer must be given the benefit of any ambiguity in a taxing statute, a court must not search for doubt in an attempt to defeat legislative intent. *Id.* at 640, 137 N.W.2d at 408. To allow an operator of a recreational or athletic facility to subtract its expenses would make the sales tax a tax on profits rather than on gross receipts. This would contravene the statute. *See Coachman, Inc. v. Norberg,* 397 A.2d 1320, 1321 (R.I. 1979).

The fact that some of the sports facilities were not owned by the city is immaterial. Imposition of the sales tax is not dependent on who holds title to the property, but rather is dependent on whether fees were charged for access to the property.

*By the Court.*—Judgment affirmed.

---

tows were not. It determined that, because use of the tows was the only practical method of getting to the top of the hill, the tow ticket charges were for access to or use of recreational facilities.