RICE INSULATION, INC., Plaintiff-Appellant,

V.

Wisconsin DEPARTMENT OF REVENUE, Defendant-Respondent.

Court of Appeals

*No. 82–2094. Submitted on briefs August 19, 1983.—
Decided October 10, 1983.*
(Also reported in 340 N.W.2d 556.)

For the petitioner-appellant the cause was submitted on the briefs of *Charles E. Burroughs* and *Jack Meyer* and *Purtell, Purcell, Wilmot & Burroughs, S.C.* of Milwaukee.

For the respondent the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *John C. Murphy,* assistant attorney general.

Before Gartzke, P.J., Bablitch, J. and Dykman, J.

DYKMAN, J.   The Tax Appeals Commission upheld the Department of Revenue's assessment of a use tax against Rice Insulation Company. Rice appeals from a judgment affirming the Tax Appeals Commission's order. We affirm.

Rice bought insulation materials from a manufacturer without paying the sales tax. It gave the manufacturer resale certificates stating the materials were to be resold to a tax exempt entity. Rice then contracted to sell the materials to St. Michael Hospital for use in construction and renovation. No tax was paid on the resale because the hospital is a tax exempt entity. Sec. 77.54(9a), Stats. The hospital's general contractor, Becker Construction Company, subcontracted the installation of the insulation to Rice.

The Department of Revenue assessed a use tax against Rice for materials sold to St. Michael Hospital. After a

hearing, the Tax Appeals Commission concluded Rice was liable for the use tax under sec. 77.53(1), Stats.,[1] because it installed materials it had purchased without paying the sales tax and ordered Rice to pay a use tax deficiency. The circuit court for Dane County affirmed the Commission's order.

Rice contends it is not liable for the tax because the insulation was sold to a tax exempt institution for which Rice did not believe it would do installation. It argues that the installation was done for Becker rather than the hospital. We disagree.

The facts are substantially undisputed. The application of a statute to a set of facts is a question of law. *Department of Revenue v. J.C. Penney Co.*, 108 Wis. 2d 662, 666, 323 N.W.2d 168, 169 (Ct. App. 1982). We review the Commission's conclusions independently.

Section 77.52(1), Stats.,[2] taxes all retail sales of tangible personal property, including building materials, and sec. 77.53(1), Stats., taxes the use of tangible personal property in Wisconsin. The use tax is designed to tax sales not reached by the sales tax. *Department of Revenue v. Moebius Printing Co.*, 89 Wis. 2d 610, 622, 279 N.W.2d 213, 218 (1979). The two sections together created a sales and use tax plan "under which everything is taxable at the retail level unless specifically exempted." *Department of Revenue v. Milwaukee Refining Corp.*, 80

---

[1] Section 77.53(1), Stats., provides in part:

An excise tax is hereby levied and imposed on the storage, use or other consumption in this state of tangible personal property or taxable services described in s. 77.52 purchased from any retailer . . . .

[2] Section 77.52(1), Stats., provides in part:

(1) For the privilege of selling . . . tangible personal property, including . . . supplies and materials, at retail a tax is hereby imposed upon all retailers . . . .

Wis. 2d 44, 49, 257 N.W.2d 855, 858 (1977). The plan applies to contractors and subcontractors as consumers of tangible personal property used by them in construction activities. *Dept. of Revenue v. Smith Harvestore Products,* 72 Wis. 2d 60, 67, 240 N.W.2d 357, 360 (1976).

Rice used the insulation it purchased in its work on St. Michael Hospital. Rice knew it would use the insulation material on the hospital project when it bought the material. Rice's vice-president, William G. Rice, testified at the Tax Appeals Commission hearing that when Rice purchased the insulation, it did so "for the St. Michael's Hospital job." Rice violated sec. 77.51(18), Stats.,[3] by failing to pay the tax and reselling the insulation to a customer for whom it would install it. That Becker Construction was an intermediary is irrelevant.

Rice argues that the legislature intends charitable and religious organizations to be exempt from sales and use taxes. Rice is not immune from taxation because it sold insulation to a hospital. An entity's exemption from state taxation does not spell immunity for those who furnish supplies to the exempt entity. *U.S. v. New Mexico,* 455 U.S. 720, 734 (1982). That a seller may pass a tax on to an exempt entity in the form of higher costs does not relieve the seller from liability for the tax. *Servomation Corp. v. Department of Revenue,* 106 Wis. 2d 616,

---

[3] Section 77.51(18), Stats., provides:

"Contractors" and "subcontractors" are the consumers of tangible personal property used by them in real property construction activities and the sales and use tax applies to the sale of tangible personal property to them. A contractor engaged primarily in real property construction activities may use resale certificates only with respect to purchases of property which he has sound reason to believe he will sell to customers for whom he will not perform real property construction activities involving the use of such property.

624, 317 N.W.2d 464, 468 (1982). The trial court correctly affirmed the Commission's order upholding the tax tax deficiency assessment against Rice.

*By the Court.*—Judgment affirmed.