FRISCH, DUDEK AND SLATTERY, LTD.,
Petitioner-Respondent,
v.

Wisconsin DEPARTMENT OF REVENUE,
Appellant.

Court of Appeals

*No. 86–0397. Submitted on briefs July 7, 1986.—Decided
September 18, 1986.*

(Also reported in 396 N.W.2d 355.)

For the appellant, the cause was submitted on the brief of *Bronson C. La Follette*, attorney general, and *Jody Melms*, assistant attorney general.

For the petitioner-respondent, the cause was submitted on the brief of *Jerry H. Friedland, Robert D. Rothacker* and *James R. Lowe* and *Frisch, Dudek and Slattery, Ltd.*, of Milwaukee.

Before Gartzke, P.J., Dykman and Eich, JJ.

EICH, J.   The Department of Revenue appeals from an order reversing a decision of the Tax Appeals Commission. The commission affirmed the department's denial of a petition by Frisch, Dudek & Slattery, Ltd. (Frisch), a law firm, for redetermination of a sales tax assessment for the period January 1, 1975, to October 31, 1979. On review, the circuit court concluded that the commission had misinterpreted the applicable statute, sec. 77.52(1), Stats. (1979),[1] and reversed.

The issue is whether the law firm is required to pay sales tax on photocopy charges it bills to clients. We are satisfied that this practice does not involve any taxable sale and that the firm is not a "retailer" within the

[1] Although this tax assessment spans many years, the relevant language throughout the period remained the same. For ease of reference, all citations will be to the 1979–80 statutes.

445

meaning of the statute. We therefore affirm the circuit court's order.

Since the facts are undisputed, the question involves only the application of a statute to a particular set of facts. It is a question of law. *Bucyrus-Erie Co. v. ILHR Department*, 90 Wis.2d 408, 417, 280 N.W.2d 142, 146–47 (1979). Generally, we review such questions *ab initio* and may substitute our judgment for that of the commission. *Dept. of Revenue v. Milwaukee Refining Corp.*, 80 Wis.2d 44, 48, 257 N.W.2d 855, 858 (1977). Where, however, an agency possesses particular competence or expertise in an area, and where its application of the law to the facts involves a value judgment, we will accord due, but not controlling, weight to its decisions. *Nigbor v. DILHR*, 120 Wis.2d 375, 383–84, 355 N.W.2d 532, 537 (1984). Here, such deference is not required, for the sales tax statutes are not technical in nature. They are written in everyday language and we are equally competent to interpret them. *Samens v. LIRC*, 117 Wis.2d 646, 669, 345 N.W.2d 432, 442 (1984).

Frisch bills clients only for photocopies made for the clients' benefit. Because photocopying expenses can vary significantly from case to case and client to client, Frisch elected to include these charges in its itemization of out-of-pocket costs and disbursements, billing them separately from the legal fees, in order to fairly distribute the costs among all clients. Copies billed to clients represent roughly one-half of all copies made by the firm. The billed copies are those made for opposing counsel, courts, government agencies, and for the firm's own internal use. The clients themselves receive only a small portion of the billed copies. All decisions on photocopy billing are made by the attorney handling the

case. It is conceded that during the tax years in question, Frisch charged first 20¢ and then 25¢ per copy and that the average cost to the firm for each copy made is approximately 23¢.

Section 77.52(1), Stats., requires retailers to pay a sales tax on the gross receipts from sales of tangible personal property. Neither party seriously argues that photocopies are not tangible personal property as defined by sec. 77.51(5). The dispute is whether the law firm is a "retailer" and whether it makes "sales" of photocopies to its clients.

The commission concluded that, because of its billing practice, Frisch was "selling" the photocopies to its clients within the meaning of sec. 77.51(4)(h), Stats. That section defines "sale" as "[a] transfer for a consideration of the title or possession of tangible personal property which has been produced, fabricated or printed to the special order of the customer . . . ."

The great majority of the copies for which Frisch's clients are billed are for use of the court or government agency in which the case is pending or for transmission to opposing parties. Only a very few copies ever find their way to the client, and when they do, it is only as an incident to their use in the firm's representation of the client. In addition, the copies are not "produced . . . to the special order of the [client]" ; the decision to copy is the firm's alone.

Even if it could be said that a "sale" occurred as to those copies provided to clients, we are satisfied that the firm is not a "retailer" as that term appears in sec. 77.52(1), Stats.

"Retailer" is defined as "[e]very seller who makes any sale of tangible personal property or taxable service." Section 77.51(7)(a), Stats. In *Kollasch v.*

447

*Adamany*, 104 Wis.2d 552, 566, 313 N.W.2d 47, 54 (1981), the supreme court adopted the commonly-understood conception of a retailer as "one who transacts business with a consumer in hopes of making a profit on the transaction." In the court's view, "[t]he type of transactions which make one a . . . retailer are mercantile ones." *Id.* at 568, 313 N.W.2d at 55. Applying these principles, the *Kollasch* court held that a group of nuns who sold meals to the public at cost in order to promote their religious beliefs were not "retailers" for sales tax purposes. *Id.* at 567–68, 313 N.W.2d at 54–55.

Even though Frisch may charge a client a penny or two per page more than its estimated average cost of making the copies, it has not been established that when it bills those charges it "hopes [to make] a profit on the transaction." *Id.* at 567, 313 N.W.2d at 54. It is not a "mercantile" transaction. *Id.* at 568, 313 N.W.2d at 55.

The department argues, however, that the absence of profit or a profit motive is immaterial, because photocopying should not be "isolated" or "analyzed independently" from the firm's law practice which, undoubtedly, is expected by its members to reap a profit. The department's own rules, however—notably Wis. Adm. Code, sec. Tax 11.67 (July 1978), which was adopted to explain the sales tax statutes—provide that:

> When a transaction involves the transfer of tangible personal property along with the performance of a service, the true objective of the purchaser must be considered to determine whether such transaction is a sale of tangible personal property or the performance of a service with the transfer of property being merely incidental to the performance of the service. If the objective of the purchaser is to obtain the personal property, a taxable sale of that property is

involved. However, if the objective of the purchaser is to obtain the service, a sale of a service is involved even though, as an incidence to the service, some tangible personal property may be transferred.

Frisch's clients do not patronize the firm to purchase photocopies. The need to make copies is wholly dependent upon the provision of legal services. We agree with the department's assertion that "a law firm does not exist solely for charitable purposes." But we also agree with the supreme court's statement that "[t]he taxability of a sale depends on the specific circumstances of the transaction to which it relates rather than of the parties to it." *Kollasch*, 104 Wis.2d at 564, 313 N.W.2d at 53. Here, the purpose of separate itemization was not to make a profit, but only to fairly distribute photocopying costs among clients in fair proportion. Charges to clients for photocopying, whether done by the firm or, where large amounts of copies were needed, an outside photocopying service, always approximated actual costs of production. The firm did not make photocopies for the general public but only for its clients.

A tax may be imposed only by clear and express language, and all ambiguities as to the applicability of a tax must be resolved in favor of the taxpayer. *Kearney & Trecker Corp. v. Dept. of Revenue*, 91 Wis.2d 746, 753, 284 N.W.2d 61, 64 (1979). Invoking that rule, we conclude the firm is not a "retailer" of photocopies and thus no sales tax may be imposed on its client photocopying charges under sec. 77.52(1), Stats.

*By the Court.*—Order affirmed.