JAMES R. KLAUSER, Secretary Department of Administration
You have asked several questions concerning recent amendments to statutory provisions which deal with dual employment for state public officials and employes. Prior to the changes, this subject was addressed in section 19.45(9m), Stats. Pursuant to 1987 Wisconsin Acts 365 and 399, section 19.45(9m) was renumbered section 16.417(2) and amended as follows:
 No [state public official or state employe]* individual who is employed or retained in a [state]* full-time position [full time at an annual salary in excess of the current sale for the office of legislator established under s. 20.923(2)]* or capacity with an agency or authority may hold any other position or be retained in any other capacity with an agency or authority from which [he or she]* the individual receives [income from the state exceeding]*, directly or indirectly, more than $5,000 [per]* from the agency or authority as compensation for the individual's services during the same year. No [department]* agency or authority may employ any individual or enter into any contract in violation of this subsection. [Every]* The department shall annually check to assure that no [employe of the department]* individual violates this subsection. [Any employe who is found]* The department shall order any individual whom it finds to be in violation of this subsection [shall be required to accept a termination or reduction in salary sufficient to bring the employe into compliance. This provision does not apply to those state public officials or state employes who accept other state employment during a period they are not receiving a full time salary]* to forfeit that portion of the economic gain that the individual realized in violation of this subsection. The attorney general, when requested by the department, shall institute proceedings to recover any forfeiture incurred under this subsection which is not paid by the individual against whom it is assessed. This subsection does not apply to an individual who has a full-time appointment for less than 12 months, during any period of time that is not included in the appointment.
* [EDITORS' NOTE: THE TEXT CONTAINED WITHIN THE BRACKETS WAS STRICKEN THROUGH IN THE ORIGINAL TEXT.] *Page 246 
You first ask the following: "Can an individual who is employed full-time in a state position in one agency earn more than $5,000 in positions with other state agencies as long as the individual does not earn more than $5,000 from any one agency?"
I am of the opinion that an individual may do so without violating the provisions of section 16.417(2). Prior to its amendment, the statute prohibited an individual from receiving a second income "from the state" in excess of $5,000. Thus, all state positions held in addition to the full-time position were to be considered cumulatively in reaching the $5,000 maximum. The 1988 amendment, however, removes the income "from the state" terminology and replaces it with income "from the agency or authority." The new statutory language does not suggest that income is to be considered cumulatively, nor is the new terminology ambiguous. When statutory language is unambiguous, it is necessary to arrive at the intention of the Legislature by giving the language its ordinary and accepted meaning. Dept. ofRevenue v. Milwaukee Refining Corp., 80 Wis.2d 44, 48,257 N.W.2d 855 (1977). I must therefore conclude that as amended, section 16.417(2) does not prohibit an individual from holding more than one additional position, as long as the individual does not earn more than $5,000 from any one agency.
Your second question asks: "Can an individual who is employed full-time in a state agency hold another position in the same state agency and earn more than $5,000 from the second position?"
I conclude that an individual may not do so without violating the statute. Section 16.417(2) prohibits a full-time employe from holding "any other position . . . with an agency" from which the individual earns more than $5,000. The statute does not refer to employment with "any other agency" or "a different agency," and because it does not clearly make this distinction I must assume that the Legislature intended to prohibit all dual employment in excess of the $5,000 limit regardless of whether it occurs within the same agency.
Your third question asks: "Does this statute also apply to consultants and what does full-time mean for a consultant?"
In answer to the first part of your question, section 16.417(2) applies to individuals who are either "employed" or "retained in *Page 247 
any other capacity." It therefore applies on its face to consultant individuals who are retained by an agency or authority.
With respect to the second part of your question, neither section 16.417(2) nor related statutes offer a definition of "full-time." Further, our supreme court has not had occasion to interpret that term in the context you suggest. When no statutory definition or case law exists to define a term in a statute, the common and generally understood meaning of the term should be applied. State (Board of Regents) v. Madison, 55 Wis.2d 427,433, 198 N.W.2d 615 (1972). The meaning of such a term, as construed in its common usage, can be established by reference to a recognized dictionary. DNR v. Wisconsin Power Light Co.,108 Wis.2d 403, 408, 321 N.W.2d 286 (1982). Webster's Dictionary defines "full time" as "the amount of time considered the normal or standard amount for working during a given period (as a day, week, or month)." Webster's Third New International Dictionary 919 (1976). I therefore conclude that a consultant whose contract specifies a standard work week (i.e., forty hours) or month or day is retained full-time for purposes of section 16.417(2). I also call your attention to the last sentence of section16.417(2), which excludes from coverage individuals who have a full-time appointment for less than twelve months.
Your fourth question asks: "Does this statute apply when an individual employed full-time in an agency is also employed or is an officer or owner in any corporation or partnership under contract for more than $5,000 to any agency?"
Section 16.417(2) by its terms applies only to "individuals" who, while employed or retained by an agency in a full-time position, also hold another position or are retained in any other capacity by an agency from which they receive more than $5,000. Your question concerns a corporation or partnership which is retained by an agency. A corporation or partnership is not an "individual." See Webster's Third New International Dictionary 1152 (1976). Accordingly, I conclude that section 16.417(2) does not apply in the situation you describe.
Finally, you pass along a fifth question proffered by the Department of Health and Social Services. To paraphrase, that question asks: "Does section 16.417(2) apply when an employe's first position *Page 248 
is budgeted as full time but the employe is working less than full time?"
I conclude that it does. Prior to amendment, the statute referred to individuals who were "employed in a state position full time." In that form, "full time" modified "employed." Thus, only those individuals actually working full-time were covered by the statute. Now, however, the statute refers to individuals who are "employed . . . in a full-time position." As amended, "full-time" modifies "position." Section 16.417(2) now covers all individuals working in full-time positions, regardless of whether the individuals are themselves employed full-time.
DJH:BLB *Page 249