LUETZOW INDUSTRIES, Petitioner-Respondent,†

v.

WISCONSIN DEPARTMENT OF REVENUE, Respondent-Appellant.

Court of Appeals

*No. 94–1819. Submitted on briefs February 7, 1995.—Decided October 31, 1995.*

(Also reported in 541 N.W.2d 810.)

†Petition to review denied.

916

For the respondent-appellant the cause was submitted on the briefs of *James E. Doyle*, attorney general, and *Warren D. Weinstein*, assistant attorney general.

For the petitioner-respondent the cause was submitted on the briefs of *Edward David* of *Edward David, S.C.*, of Milwaukee.

Before Sullivan, Fine and Schudson, JJ.

SULLIVAN, J.   On its appeal from a judgment of the circuit court[1] of Milwaukee County, the Wisconsin Department of Revenue (the Department) presents the following question for our review: Are a manufacturer's gross receipts from the sale of plastic garment bags to dry cleaners for use in returning a customer's dry-cleaned items exempt, under § 77.54(6)(b), STATS., from the state sales tax? The trial court, partially reversing a decision of the Wisconsin Tax Appeals Commission (the Commission), concluded that the gross receipts from the sale of the garment bags were exempt from the sales tax. We disagree. The garment bags at issue were not used to transfer "merchandise" as set forth in

---

[1] The Hon. Russell W. Stamper presided over Luetzow Industries' original petition to review the Wisconsin Tax Appeals Commission's decision and issued a memorandum decision and order in 1991 that resolved the substantive issues in this case. The Department of Revenue appealed from that order. Then, by order of this court dated December 18, 1991, we concluded that the order was not final and that we lacked jurisdiction over the appeal. On remittitur, the Hon. Laurence C. Gram, Jr. issued a final judgment on April 15, 1994, which restated the legal conclusions and rulings of the 1991 non-final order. It is this final judgment on which this appeal is based.

§ 77.54(6)(b), STATS., but were instead used to return a customer's chattel on which the dry cleaners had provided a service. Because the bags were not used to transfer "merchandise," the gross receipts received from their sale fall outside the tax exemption provided in § 77.54(6)(b). Accordingly, we must reverse and remand that portion of the trial court's judgment that reversed the Commission's decision; however, we affirm the remainder of the trial court's judgment not challenged in this appeal and remand the matter with directions.

## I. BACKGROUND

The parties stipulated to the following facts before the Commission. Luetzow Industries manufactured and sold plastic garment bags, trash bags, casket bags, and miscellaneous-purpose bags. On July 25, 1988, the Department notified Luetzow Industries that it was assessing additional sales taxes against the company in the amount of $12,793.06, plus $2,894.12 interest, covering the period from January 1, 1984, through December 31, 1987. The Department determined that Luetzow Industries' previously reported gross receipts from the sale of garment bags improperly exempted those bags sold to dry cleaners.[2] Accordingly, the Department assessed the additional sales tax on the garment bags sold from 1984 to 1987 on which no sales tax had been paid.

Luetzow Industries appealed the Department's ruling to the Commission, which concluded that the

[2] Also at issue before the Commission and the trial court was Luetzow Industries' claimed exemption for revenue it received from renting an airplane hanger to another corporation. The Commission's resolution of this issue is not challenged on appeal.

sale of garment bags to dry cleaners was a "non-exempt transaction[ ] taxable under the general sales tax statute." Luetzow Industries then petitioned the Milwaukee County Circuit Court to review the Commission's decision. The trial court reversed the Commission decision, concluding that it could "find[ ] no rational basis" to narrowly interpret § 77.54(6)(b), STATS., so that the sale of garment bags to dry cleaners was not exempt from sales taxation. It also held that the "common usage of the terms contained" in the statute brought Luetzow Industries' sale of the bags within the statutory exemption. The Department, pursuant to § 73.015(2), STATS.,[3] and Chapter 227, appeals from the trial court's judgment.

## II.  STANDARD OF REVIEW

When we review an administrative decision under Chapter 227, STATS., we review the Commission's decision, not the trial court's decision. *See Barakat v. DHSS,* 191 Wis. 2d 770, 778, 530 N.W.2d 392, 395 (Ct. App. 1995). We do, however, apply the same standard and scope of review as that employed by the trial court when it reviewed the Commission's decision. *Id.* The specific scope of review is set forth in the subsections of § 227.57, STATS.

---

[3] Section 73.015(2), STATS., provides:

(2)   Any adverse determination of the tax appeals commission is subject to review in the manner provided in ch. 227. If the circuit court construes a statute adversely to the contention of the department of revenue, the department shall be deemed to acquiesce in the construction so adopted unless an appeal to the court of appeals is taken, and the construction so acquiesced in shall thereafter be followed by the department.

921

The Commission's interpretation of § 77.54(6)(b), STATS., raises an issue of law that we review *de novo* pursuant to § 227.57(5), STATS.[4] "Nevertheless, we recognize that the construction and interpretation of a statute by an administrative agency charged with the responsibility of applying the law is entitled to great weight." *NCR Corp. v. DOR*, 128 Wis. 2d 442, 447-48, 384 N.W.2d 355, 359 (Ct. App. 1986). Thus, "[a] reviewing court ought not reverse an agency's interpretation of a statute if there exists a rational basis for the agency's conclusion, even if we do not entirely agree with the rationale." *Id.* at 448, 384 N.W.2d at 359.

### III. INTERPRETATION OF § 77.54(6)(b), STATS.

Section 77.52, STATS., imposes a statewide five percent sales tax on the "gross receipts from the sale, lease or rental of tangible property." Indeed, "everything is taxable unless *specifically* exempted." *H. Samuels Co. v. DOR*, 70 Wis. 2d 1076, 1077-78, 236 N.W.2d 250, 251 (1975) (emphasis added). Section 77.54, STATS., specifies general exemptions from the sales tax, including subsection (6)(b), which provides an exemption for:

> **(6)** The gross receipts from the sale of and the storage, use or other consumption of:
>
> . . . .
>
> (b) Containers, labels, sacks, cans, boxes, drums, bags or other packaging and shipping materials for use in packing, packaging or shipping

---

[4] Section 227.57(5), STATS., provides:

**(5)** The court shall set aside or modify the agency action if it finds that the agency has erroneously interpreted a provision of law and a correct interpretation compels a particular action, or it shall remand the case to the agency for further action under a correct interpretation of the provision of law.

tangible personal property, if such items are used by the purchaser to transfer merchandise to customers . . . .

■■■■■

"Our primary purpose when interpreting a statute is to give effect to the legislature's intent." *Riverwood Park, Inc. v. Central Ready-Mixed Concrete, Inc.*, 195 Wis. 2d 821, 827, 536 N.W.2d 722, 724 (Ct. App. 1995). Thus, we first look to the language of the statute itself. *Id.* at 828, 536 N.W.2d at 724. "If the language is clear and unambiguous on its face, we must construe the statute in accordance with its ordinary meaning and may not resort to extrinsic aids." *Id.* If, however, a statute is ambiguous "we may look to its content, subject matter, scope, purpose and history to ascertain its reasonable meaning." *Id.* A statute is ambiguous if it is "capable of being interpreted by reasonably well-informed persons to have two or more distinct meanings." *Id.*

The Department argues that the garment bags sold by Luetzow Industries to the dry cleaners do not fall within the § 77.54(6)(b) exemption because the bags were not used by the dry cleaners "to transfer merchandise to customers." The Commission agreed with this interpretation, concluding that the items the dry cleaners transferred to their customers were not "merchandise," but instead:

> [T]he transaction . . . [was] a bailment, which involves no transfer of interest in the bailed property, but only delivery of temporary custody to accomplish a particular purpose which, when accomplished, requires the bailee either to redeliver the goods to the bailor or dispose of the property in accordance with the terms of the bailment.

Luetzow Industries counters, arguing that " 'merchandise' includes 'goods' " which it defines as " 'portable personal property.' " (Citation omitted.) The company further argues that "to transfer merchandise to customers" does not require a "transfer or conveyance of title," but only "the shifting of portable personal property from one person (i.e., purchaser of plastic bags) to one who purchases some services (i.e., dry cleaning customers)."

Both the Department and Luetzow Industries posit reasonable interpretations of § 77.54(6)(b); thus, the statute is ambiguous. As such, we must resort to "extrinsic aids in an effort to interpret the statute in accordance with the legislature's intent." *Id.* at 829, 536 N.W.2d at 725.

First, we note that while an ambiguous statute *imposing* a tax is construed in favor of the taxpayer, *see DOR v. Milwaukee Refining Corp.,* 80 Wis. 2d 44, 48-49, 257 N.W.2d 855, 858 (1977), an ambiguous statute *exempting* a taxpayer from taxation is a "matter[ ] of legislative grace" and therefore must be "given a strict but reasonable construction" against the taxpayer who claims the exemption. *Midcontinent Broadcasting Co. of Wisconsin v. DOR,* 98 Wis. 2d 379, 390, 297 N.W.2d 191, 197 (1980); *see also* § 77.54(6r), STATS. ("The exemption under [§ 77.54(6)] shall be strictly construed."). Further, "taxpayer[s] who claim[ ] an exemption must show that the terms thereof clearly apply to [them]." *Midcontinent Broadcasting,* 98 Wis. 2d at 390, 297 N.W.2d at 197.

We conclude that the disputed statutory language: "to transfer merchandise to customers" was not

intended to embrace the transfer of clothing or other sundries already owned by the customer, on which the dry cleaner has only performed a service. The crucial word in § 77.54(6)(b) is "merchandise." "Merchandise" is not defined in the statutes, but we may reference a recognized dictionary to determine the common and approved meaning of a nontechnical word. *State v. Dawson,* 195 Wis. 2d 161, 169, 536 N.W.2d 119, 121 (Ct. App. 1995). "Merchandise" denotes commodities or goods that are *bought and sold. See* OXFORD ENGLISH DICTIONARY 346 (3d prtg. 1970) ("The commodities of commerce; movables which are or may be bought and sold."); WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1413 (1976) ("[T]he commodities or goods that are bought and sold in business: the wares of commerce."). The clothing or sundries a customer turns over to a dry cleaner are not bought or sold upon their return to the customer. The customer is paying for a service that the dry cleaner has performed on that item. *See* § 77.52(2), STATS. (defining dry cleaning *as a service* subject to sales tax). Therefore, the clothing or sundries transferred back to the customer are not merchandise, but chattel originally conveyed to the dry cleaner under a bailment. *See Moore v. Relish,* 53 Wis. 2d 634, 639, 193 N.W.2d 691, 693 (1972) ("A bailment arises when the possession of a chattel is temporarily transferred but the general title remains in the hands of the original owner."); *State v. Leeson,* 323 P.2d 692, 697 (Ariz. 1958) ("Generally, laundrymen, dyers, cleaners and tailors are bailees for hire.").

## IV. CONCLUSION

The Commission's reading of § 77.54(6)(b), STATS., was both rational and correct; the gross receipts Luetzow Industries received from its sale of the garment bags to dry cleaners are not exempt from the state sales tax. Because the Commission correctly interpreted § 77.54(6)(b), the trial court erred when it reversed the Commission's ruling on this issue. Accordingly, we reverse that portion of the trial court's judgment that reversed the Commission's decision. Additionally, the remainder of the judgment not challenged in this appeal is affirmed; however, we remand the case to the trial court with directions to remand the matter to the Commission in order to determine the sales taxes owed by Luetzow Industries in a manner consistent with this decision.

*By the Court.*—Judgment affirmed in part; reversed in part and cause remanded with directions.